## Jones v. Commonwealth.

(Decided April 17, 1928.)

## Appeal from Clay Circuit Court.

1.  Criminal Law.—If, as would seem from reading judgment in a criminal case as a whole, the name of another than defendant in the latter part of it is simply a clerical error, it may be corrected (by motion as a clerical misprision in the trial court.
2.  Arson.—Evidence on prosecution for feloniously burning the barn of another held sufficient to sustain conviction.
3.  Criminal Law.—The court will not reverse merely on the credibility of the witnesses.
4.  Criminal Law.—The certified transcript of the record which Criminal Code of Practice, sec. 336, provides shall, on appeal in a criminal case, be filed in the office of the clerk of Court of Appeals means a complete transcript of the record, except the transcript of evidence which, by statute, need not be copied.

FRANK H. BAKER for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Charley Jones, Frank Bush, and James Bull Wagers were indicted in the Clay circuit court for feloniously burning the barn of John Davidson. Frank Bush was first placed on trial; he was found guilty and appealed, but later the appeal was dismissed. Charley Jones was placed on trial at the next term. He was found guilty, and his punishment fixed at one year in the penitentiary. He appeals.

The judgment of the court reads thus:

"The defendant Chas. Jones, was brought into open court by the jailer, and, being informed of the nature of the indictment, plea, and verdict, was asked if he had a legal cause to show why judgment should not be pronounced against him, and, none being shown, it is the judgment of the court that the defendant Harlan Baker be conveyed by the sheriff of Clay county to the state reformatory at Frankfort, Ky., and there be confined at hard labor for a period of 1 year."

It is insisted that the judgment is void because Harlan Baker has not been tried. But reading the judg-

ment as a whole, it would seem that the words "Harlan Baker" are simply a clerical error for "Charley Jones," and, if so, this may be corrected by motion as a clerical misprision in the circuit court, for Harlan Baker was not a party to the case at all.

It is also strenuously urged that the verdict of the jury is palpably against the evidence. The evidence for the commonwealth by Davidson was that the fire occurred about 11 o'clock at night; that the light waked him up; that he then went to the barn and there saw Charley Jones and Frank Bush, who rode rapidly away on two black mules; that he knew them well, and saw them clearly by the light of the fire. Another witness testified that shortly before the fire they passed him down the creek just below Davidson's house, and that there Bush proposed to go up and set fire to Davidson's barn, saying that he had been putting his mouth into things he had no business in; that this witness also testified that he saw the light of the fire shortly afterward and just after the light appeared Bush and Jones came riding rapidly down the creek on two black mules. Another witness testified to efforts made by Bush to get coal oil that evening.

While the testimony for the defendants was to the effect that they were elsewhere that evening, the credibility of the witnesses was for the jury. The court will not reverse merely on the credibility of the witnesses. The instructions of the court to the jury clearly submitted the case to them, and there was no substantial error in the trial.

The court has passed on the merits of the case, but that the practice here may not be followed as a precedent, attention is called to the provisions of section 336 of the Criminal Code that the appeal must be prayed during the term in which the judgment is rendered and is granted as a matter of right; also, that a certified transcript of the record must be filed in the clerk's office of this court within 60 days after the bill of exceptions is made a part of the record by an order of court. A certified transcript of the record means a complete transcript of the record, except the transcript of evidence which by statute need not be copied. The record filed in this case does not conform to the Code, but, waiving these defects, the court finds no error in the record.

Judgment affirmed.